UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLES EDWARD ELLIS SR.,

                              Plaintiff,

                                                    CIV INDEX NO.:

        -against-


                                            **COMPLAINT**

UNITED STATES OF AMERICA , RAOUF HANNA,
M.D., and JANE DOE, a fictitious name for an unidentified
 Female Nurse who cared for Plaintiff on September 5, 2013 through
September 6, 2013 at The Veterans Administration
Hospital in Brooklyn New York,

                              Defendants.

-----------------------------------------------------------------X

        Plaintiff, CHARLES EDWARD ELLIS, SR. ("ELLIS"),  by his attorneys, the

Law Office of Tumelty & Spier, LLP, as and for their complaint against the Defendants,

UNITED STATES OF AMERICA, ("Defendant" and/ or "Defendant U.S.A."), RAOUF

HANNA, M.D. ( "DR. HANNA"); and JANE DOE, a fictitious name for an unidentified

Female Nurse who cared for Plaintiff on September 5, 2013 through September 6, 2013

at The Veterans Administration Hospital in Brooklyn, New York ("NURSE DOE" and/

or "JANE DOE")  allege the following, upon information and belief:

        **PREMABLE**

                1.        This is an action brought by Plaintiff pursuant to the Federal Tort

Claims Act 28 U.S.C. § 2671, et seq.) and 28 U.S.C § 1346 (b) (1), for negligence and

professional malpractice in connection with medical and hospital care provided to Plaintiff

ELLIS by Defendant though its agent, the Department of Veterans Affairs, at the Brooklyn

Campus of the VA New York Harbor Healthcare System, New York, and its employees

Defendant DR. HANNA and Defendant NURSE DOE. Supplemental jurisdiction under 28 U.S.C. 1367 (a) is invoked regarding related medical practice claims against the Individual Defendants.

2.    The claims are brought against Defendants pursuant to the Federal Tort Claims Act for money damages as compensation for personal injuries caused by the Defendant's negligence.

**JURISDICTION AND VENUE**

3.    Jurisdiction of this Court is invoked pursuant to the provisions of Sections 1346 (b) (1) of Title 28, United States Code and pursuant to the Federal Tort Claims Act (FTCA).

4.    Venue is properly placed in the Eastern District of New York pursuant to 28 U.S.C. § 1402 (b)  because it is where the claimed acts and omissions occurred and where the Plaintiff resided and where the Defendant is subject to personal jurisdiction.

5.    Plaintiff ELLIS has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, Standard Form 95, sans medical record attachments, attached as **Exhibit "1"** and is incorporated herein as if fully set forth

6.    This suit has been timely filed, in that Plaintiff ELLIS timely served notice of his claim on the United States Department of Veterans Affairs less than two years after the incidents forming the basis of this suit.

**7.**    Plaintiff ELLIS is now filing this Complaint pursuant to 28 U.S.C. § 2401 (b) after receiving the Department of Veterans Affairs August 18, 2015 notice of  final denial of administrative claim. Administrative Tort Claim Denial Letter attached as **Exhibit "2"**.

2

**THE PARTIES**

8.  At all relevant times herein mentioned, plaintiff CHARLES EDWARD ELLIS SR. was and is a resident of Kings County, City and State of New York.

9.  At all times mentioned herein, the defendant UNITED STATES OF AMERICA through its agency, the Department of Veterans Affairs operated, maintained and controlled various hospitals throughout the United States , including the Veterans Administration Hospital located at 800 Poly Place Brooklyn, New York ( hereafter "THE VA HOSPITAL").

10.  At all relevant times mentioned herein, defendant UNITED STATES OF AMERICA hired physicians, nurses, and staff at THE VA HOSPITAL to care and treat for patients thereat.

11.  At all relevant times THE VA HOSPITAL held itself out to the Plaintiff and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

12.  At all relevant times mentioned herein, the directors, officers, operators, administrators, agents and staff were employed by and / or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

13.  That Defendant DR HANNA is a physician licensed to practice within the State of New York.

14.  That Defendant NURSE DOE is a nurse licensed to practice nursing within the State of New York.

**FACTUAL ALLEGATIONS.**

15.  That on or about September 5, 2013 in the evening hours Plaintiff

presented to the Emergency Department of THE VA HOSPITAL for treatment and care.

16.  At all times mentioned herein, Defendant DR. RAOUF HANNA (hereafter referred to as "DR. HANNA") was a physician duly licensed to practice medicine in the State of New York.

17. At all times mentioned herein, Defendant DR. HANNA was a physician practicing as a specialist in the field of Emergency Medicine.

18.  At all times mentioned herein, Defendant DR. HANNA was practicing as a specialist in the field of Emergency Medicine at THE VA HOSPITAL located in Brooklyn New York.

19.  At all times mentioned herein, Defendant DR. HANNA was an employee of the defendant UNITED STATES OF AMERICA, by its agent THE VA HOSPITAL.

20. At all times mentioned herein, Defendant DR. HANNA held himself out as possessing the requisite degree of skill, knowledge and ability of physicians similarly specializing in the community wherein he practiced his profession and in the rendition of all services in connection with the care and treatment of members of the general public, including Plaintiff CHARLES EDWARD ELLIS SR.

21.  At all times mentioned herein, Defendant JANE DOE, a fictitious name for a nurse currently unidentified by name, who provided nursing care to Plaintiff on September 5, 2013 into September 6, 2013 at THE VA HOSPITAL, (hereafter referred to as "NURSE DOE" or "JANE DOE") was a nurse duly licensed to practice nursing in the State of New York.

22. At all times mentioned herein, Defendant NURSE DOE was a

Nurse assigned to the Emergency Medicine Department of Defendant, at THE VA HOSPITAL.

23. At all times mentioned herein, Defendant NURSE DOE was an employee of the defendant UNITED STATES OF AMERICA, at THE VA HOSPITAL.

24. At all times mentioned herein, Defendant NURSE DOE held herself out as possessing the requisite degree of skill, knowledge and ability of nurses in the nursing community wherein she practiced her profession and in the rendition of all services in connection with the care of members of the general public, including Plaintiff CHARLES EDWARD ELLIS SR.

25. At all times mentioned herein, Defendant U.S.A. hired other physicians nurses and staff who provided medical care and treatment to Plaintiff.

26. At all times mentioned herein, defendant UNITED STATES OF AMERICA, its agents, servants, and/ or employees, including THE VA HOSPITAL operated, maintained, managed, and were in control of their hospital and medical center located at 800 Poly Place, Brooklyn, New York 11209 and held themselves out as duly qualified and capable of providing adequate medical care, treatment, procedures, surgery, and testing to the public and for such purposes hired doctors, nurses, and other staff, including Defendant DR HANNA, Defendant Nurse JANE DOE and other physicians, nurses and staff.

27. That on Thursday September 5, 2013 ELLIS presented to the emergency department of THE VA HOSPITAL with complaints of constipation and discomfort.

5

28. That ELLIS was treated and cared for by Defendants DR. HANNA and NURSE DOE and other physicans nurses and staff.

29. That ELLIS was not given a digital rectal exam to determine if Plaintiff had fecal impactation and the physicians and staff failed to perform a manual evacuation prior to prescribing and administering purgatives.

30. That an enema was undertaken and continued despite the Plaintiff's obvious signs of pain, distress, and discomfort and Plaintiff advising the Nurse, referred to herein as Defendant JANE DOE,  who was performing the procedure that the enema was painful.

31. That during the procedure  the tubing was forced into the anus and rectum in a negligent and careless manner without proper prophylactic precautions, sufficient lubrication and without proper examination and follow up examination.

32. That no blood tests were ordered or conducted despite their indication due to thehistory and presenting symptoms.

33. That the defendants, their agents, servants and employees never evaluated the severity of the constipation or the other presenting symptoms that Plaintiff was experiencing.

34. That no detailed medical history nor co-morbid problems or causes were evaluated or ruled out by defendants or any other the physicians and staff that treated Plaintiff.

35. That Plaintiff was known to have a history of chronic renal failure and

Non Insulin Dependent Diabetes Mellitus (NIDDM) and no blood tests were ordered to verify the existence or lack of existence of ongoing metabolic and electrolyte disequilibrium.

36.   That a Fleet enema was conducted in contraindication for ELLIS who was a patient with chronic renal failure, as it can cause kidney injury and hyyperphosphatemia, and the Fleet enema was ordered by Defendant DR. HANNA and performed by Defendant NURSE DOE.

37.   That ELLIS was taking prescription Lisinopril (an ACE inhibitor) that is known to increase the chances of renal injury when fleet enema is used concurrently.

38.   That Plaintiff was not referred  to a gastroenterologist, nor were appropriate discharge instructions given, and ELLIS was negligently discharged to home on or about September 6, 2013 from THE VA HOSPITAL.

39.   That no colonoscopy, colonic transit study with radio-opaque markers or wireless motility capsule, anorectal manometry, or balloon expulsion tests were considered or ordered, nor was ELLIS  informed of the risks and alternatives of the procedures performed, nor the available alternative treatments available.

40.   That no evaluation was performed to identify the cause of  ELLIS' constipation, nor to rule out acute pancreatitis and other causes.

41.   That the continued insertion of the fleet enema tubing where resistance was encountered should have been immediately discontinued by the nursing staff, the attending physician should have been notified, and continued treatment options should have been reviewed and evaluated.

42.   That ELLIS  was treated by Emergency Medicine physician RAOUF

HANNA, M.D. and the Nurse that performed the fleet enema is currently unidentified but was a female staff member at the hospital who participated in Plaintiff's care on that date, referred to herein as JANE DOE.

43.  That ELLIS returned to THE VA HOSPITAL on Thursday, September 12, 2013 with continued complaints of bloating, constipation, lack of bowel movements for six days and other complaints.

44.  That after ELLIS was admitted to THE VA HOSPITAL he was not examined rectally until September 15, 2013 when an ongoing necrotic abscess was first observed and documented by the medical staff.

45.  That the Defendant, THE VA HOSPITAL, its physicians , nurses and staff assigned to ELLIS from his admission on September 12, 2013 through the detection of the renal abscess were negligent in failing to take an record a proper history, failing to perform a full and proper physical examination, including an examination of the rectum, failed to order appropriate laboratory tests, failed to properly and fully diagnose ELLIS, failed to provide care and treatment for the developing abscess, and departed from the reasonable standards of hospital, medical and nursing care in their handling , care, and treatment of  ELLIS resulting in Plaintiff suffering necrosis to the anus and rectal wall, perianal sepsis, and other injuries requiring surgical interventions and the placement of a diverting loop colostomy.

46. That the Defendants were negligent in failing to timely diagnose ELLIS' true condition and in failing to provide appropriate medical care and treatment.

## AS AND FOR A FIRST CAUSE OF ACTION FOR

## MEDICAL MALPRACTICE.

47.  Plaintiff repeats and reiterates the preceding paragraphs of the Complaint as if fully set forth herein.

48.  On September 5, 2013 and continuing thereafter, and prior thereto Plaintiff  CHARLES EDWARD ELLIS SR. came under the care and continuous treatment of defendant UNITED STATES OF AMERICA, its employees, agents, servants physicians, nurses and staff, including but not limited to Defendants DR. HANNA and NURSE DOE.

49.  Throughout Plaintiff's treatment and care Plaintiff underwent various treatments, procedures, testing, and examinations by staff of  THE VA HOSPITAL in their  Emergency Department on September 5, 2013 into the morning of September 6, 2013 and during an admission from September 12, 2013 through October 31, 2013 while admitted as a  patient thereat.

50.  That Defendants UNITED STATES OF AMERICA, DR. HANNA and NURSE DOE were negligent, careless, and reckless in their care, treatment, testing, and diagnosis of the Plaintiff CHARLES EDWARD ELLIS SR.

51.  That the above negligence was a departure from the prevailing standards of medical and hospital care and treatment existing in the medical and hospital communities wherein the acts and omissions occurred.

52.  That as a iret and proximal result of  the negligence and medical malpractice of the defendants UNITED STATES OF AMERICA, DR. HANNA and

NURSE DOE, the Plaintiff CHARLES EDWARD ELLIS SR. was caused to sustain personal injuries, pain and suffering, loss of enjoyment of life, and Plaintiff will continue to suffer personal injuries in the future as well as pain and suffering, loss of enjoyment of life and to incur medical expenses, and to suffer other injuries and damages.

53.   The Defendants' acts and/ or omissions as set forth herein would constitute a claim under the law of the State of New York.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

54.   Plaintiff repeats and reiterates the preceding paragraphs of the Complaint as if fully set forth herein.

55.   That prior to and during the above described medical and hospital care at THE VA HOSPITAL the Defendants had a duty to provide Plaintiff with certain information concerning the procedures to be performed and the reasonable foreseeable risks and benefits, as well as the alternatives thereto.

56.   That the Defendants did not obtain the Plaintiff's full and complete informed consent to the medical and hospital care and procedures performed.

57.   That a reasonably prudent person in the Plaintiff's condition would not have given consent to the procedures and treatment as performed had they been so informed.

58.   That had Plaintiff been fully informed, Plaintiff would not have given consent to the procedures and treatment as performed.

59.   That the acts and omissions of the Defendants were direct and

proximal factors in causing personal injuries to Plaintiff ELLIS.

60. That due to the negligence and medical malpractice of the defendants UNITED STATES OF AMERICA, DR. HANNA and NURSE DOE, the Plaintiff CHARLES EDWARD ELLIS SR. was caused to sustain personal injuries, pain and suffering, loss of enjoyment of life, and Plaintiff will continue to suffer personal injuries in the future as well as pain and suffering, loss of enjoyment of life and to incur medical expenses, and to suffer other injuries and damages.

61. The Defendants' acts and/ or omissions as set forth herein would constitute a claim under the law of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/ OR AGENCY.

62. Plaintiff repeats and reiterates the preceding paragraphs of the Complaint as if fully set forth herein.

63. At all relevant times mentioned herein, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant U.S.A..

64. At all relevant times mentioned herein the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant U.S.A..

65. The directors, officers, operators, administrators, employees, agents, and staff negligently and/ or recklessly, directly and proximately caused physical injury to Plaintiff ELLIS including both acts of omission and acts of commission.

66. That due to the negligence and medical malpractice of the defendant UNITED STATES OF AMERICA, the Plaintiff CHARLES EDWARD ELLIS SR. was caused to sustain personal injuries, pain and suffering, loss of enjoyment of life, and Plaintiff will continue to suffer personal injuries in the future as well as pain and suffering, loss of enjoyment of life and to incur medical expenses, and to suffer other injuries and damages.

67. The acts and/ or omissions of the Defendant U.S.A. set forth herein would constitute a claim under the law of the State of New York.

**WHEREFORE**, Plaintiff CHARLES EDWARD ELLIS SR. seeks damages on the First, Second and Third Causes of Action, against the Defendants, as follows:

a) compensatory damages in the an amount of Three Million Dollars ($3,000,000.00);

b) the costs and disbursements of the action; and

c) attorneys fees.

Dated: New York, New York
February 8, 2016

Yours, etc.

By: John Tumelty, Esq.

Tumelty & Spier, LLP
Attorneys for Plaintiff
160 Broadway-Suite 708
New York, New York 10038
Telephone  (212) 566-4681
Facsimile   (212) 566-4749

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLES EDWARD ELLIS SR.,

                      Plaintiff,

                                             CIV INDEX NO.:

        -against-

                                             **CERTIFICATE OF
MERIT**

UNITED STATES OF AMERICA , RAOUF HANNA,
M.D., and JANE DOE, a fictitious name for an unidentified
Female Nurse who cared for Plaintiff on September 5, 2013 through
September 6, 2013 at The Veterans Administration
Hospital in Brooklyn New York,

                          Defendants.
-----------------------------------------------------------------X

        John Tumelty, an attorney at law, duly admitted to practice before the courts of

the State of New York, hereby affirms the following pursuant to section 2106 of the

CPLR:

        I have reviewed the facts of this case and have consulted with at least one

physician who is licensed to practice in this State, or any other State, and I reasonably

believe that said physician is knowledgeable as to the relevant issues involved in this

particular action and I have concluded on the basis of such review and consultation that

there is a reasonable basis for the commencement of this action.

Dated: New York, New York
         February 8, 2016

                                    _____
                                    John Tumelty